EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO ANDINO LEÓN, acusado y apelante.

*Número*: CR-73-43      *Resuelto*: 23 de enero de 1974

*R. N. Ponce de Sánchez-Rivoleda,* abogada del apelante; *Myriam Naveira de Rodón, Procuradora General, Peter Ortiz, Procurador General Interino,* y *Ruth Tentori de Lebrón-Velázquez, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El fiscal formuló acusación contra el acusado-apelante imputándole tres infracciones al Art. 29 de la anterior Ley de Narcóticos de Puerto Rico, consistentes en que (1) tenía en su posesión y dominio, (2) ocultó y transportó, y (3) vendió la droga narcótica conocida como heroína.

Luego de renunciar válidamente su derecho a juicio por jurado, el acusado hizo alegación de culpabilidad en los cargos por (1) posesión y (2) ocultación y transportación de la referida droga narcótica. Hizo alegación de inocente en el cargo por venta.

Celebrado el juicio y recibida la prueba de cargo y de defensa el Tribunal le declaró culpable de vender la droga narcótica conocida como heroína.

En este recurso señala la comisión de dos errores que consisten en atacar la suficiencia de la prueba. Su contención principal es al efecto de que la no presentación en evidencia del *deck* de heroína que vendió a otra persona así como el resultado del análisis químico de dicho *deck* deja de establecer el cargo de venta.

Opinamos que los hechos y circunstancias revelados por la prueba de cargo no son suficientes para sostener la convicción del apelante. Veamos. El día 14 de febrero de 1970, como a eso de las cinco de la tarde, los agentes Ismael González y José A. González Bisó, pertenecientes a la División de Drogas y Narcóticos de la Policía de Puerto Rico, caminaban a pie y al llegar frente al Edificio 32 del Caserío Llorens Torres de Santurce, vieron al apelante y a otro individuo conocido como El Cano, y contra quien los agentes tenían una orden de arresto por infracción a la Ley de Drogas, en los momentos en que el apelante sacó del bolsillo del pantalón una envoltura de las conocidas como *deck de heroína* y se la

entregó a El Cano (Vázquez Pla), recibiendo a cambio una cantidad de dinero. Con el propósito de arrestarlo, el agente González Bisó se dirigió a Vázquez Pla quien echó a correr pero fue detenido, se le ocupó el *deck* se le confiscó su automóvil y fue acusado de violar la Ley de Drogas y Narcóticos. Por su parte el agente Ismael González detuvo al apelante a quien le ocupó en el bolsillo derecho del pantalón un sobre manila conteniendo siete envolturas a manera de *decks* de heroína y en el bolsillo izquierdo del pantalón la cantidad de $192.00. El análisis químico de todas las envolturas ocupadas al apelante dio positivo de heroína.

El apelante, además de haber hecho declaración de culpabilidad en los cargos por posesión y transportación y ocultación de la droga narcótica conocida como heroína, admitió en la silla testifical que los agentes le ocuparon encima los susodichos *decks*. Declaró además que hacía dos semanas que había venida de Nueva York y no estaba trabajando. Describió los hechos así:

"R El día de los hechos yo me encontraba sentado frente al Edificio 32. Entonces, en esos momentos llegó, llegaron estos dos caballeros que declararon hace poco. Uno de ellos se me paró al frente y otro por la espalda. El de la espalda me metió un cantazo por aquí. Entonces, el otro me dijo que me levantara. Al yo levantarme, él me metió la mano al bolsillo y me sacó los siete decks.

P ¿Usted ha sido convicto de algún delito alguna vez?

R No, señor."

El fiscal no presentó evidencia sobre el análisis químico del supuesto *deck* vendido por el apelante a Vázquez Pla (El Cano), si es que dicho *deck* fue entregado al químico para análisis. Este declaró que el agente González le entregó solamente siete *decks*. No se estableció si el *deck* alegadamente vendido a El Cano fue entregado a un químico para su análisis. La explicación que se dio para no producir esa evidencia fue que la misma pertenecía a otro caso, o sea, al caso seguido

contra el supuesto comprador. Es poco convincente esta explicación porque esa evidencia era necesaria para probar el cargo por venta imputádole al apelante. De existir esa evidencia y de ser cierto que la misma le fue ocupada a "El Cano" por el agente González Bisó, fue suprimida voluntariamente por el fiscal y en su consecuencia opera la presunción de que dicha evidencia resultaría adversa al Pueblo si se hubiera ofrecido. 32 L.P.R.A. sec. 1887 (5).

En estas circunstancias el fiscal no puede descansar en la inferencia que de los otros hechos pudiera hacer el juzgador, para probar el cargo por venta.

Es cierto que en el caso de *Pueblo* v. *Avilés Ralat*, 94 D.P.R. 33 (1967), confirmamos la sentencia a base de la inferencia que justificaban los hechos, pero allí, contrario a lo ocurrido aquí, no se ocupó la evidencia porque el comprador escapó con ella.

El fiscal renunció al testimonio del agente González Bizó por ser prueba acumulativa y lo puso a disposición de la defensa, la que luego de entrevistarlo no lo utilizó como testigo. Sin embargo, con su testimonio no se hubiera probado que el alegado *deck* vendido a El Cano contenía heroína.

■ Por otro lado, la supresión voluntaria por el fiscal de la prueba más fuerte y satisfactoria estando en aptitud de ofrecerla, nos obliga a mirar con sospecha la otra prueba sobre la alegada venta. 32 L.P.R.A. sec. 1679.

No habiéndose probado el cargo por venta más allá de toda duda razonable, *debe revocarse la sentencia apelada, y dictarse otra absolviendo al acusado-apelante.*